UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL J. LEPORE, <br><br>            Appellant, <br>        v. <br><br>SIMON KERNER, <br><br>            Appellee. | Civil Action No. 10-1472 (JAP) <br><br> **OPINION** |

PISANO, District Judge.

Appellant and Chapter 13 debtor Michael Lepore appeals or, in the alternative, moves for leave to appeal, a March 15, 2010 Order of the bankruptcy court denying Lepore's motion for summary judgment[1] in an adversary proceeding brought by Appellee Simon Kerner. Kerner's action challenged the dischargeability of Kerner's claim for personal injury damages against Lepore. The issue presented on appeal involves the question of the dischargeability of a debt arising out of "willful and malicious injury" caused by a Chapter 13 debtor. For the reasons below, the ruling of the bankruptcy court is affirmed.

**I. Background**

On July 15, 2006, Lepore allegedly entered the pizza restaurant at which Kerner worked and assaulted Kerner. Lepore was subsequently arrested and charged with aggravated assault. A grand jury indicted Lepore with one count of aggravated assault in the second

---

[1] The bankruptcy court also dismissed the adversary proceeding. An appeal has not been taken from that portion of the Order.

degree and one count of making terroristic threats in the third degree. Ultimately, Lepore pled guilty to one count of aggravated assault in the third degree.

In July 2007, after disposition of the criminal action, Kerner filed a civil action against Lepore for the injuries he sustained as a result of the assault. Prior to the conclusion of that matter, Lepore filed a Chapter 13 bankruptcy petition, thereby staying Kerner's civil action. Lepore listed Kerner in his bankruptcy petition as an unsecured creditor with a disputed debt of an unknown amount.

Kerner filed an adversary complaint in the bankruptcy case challenging the dischargeability of his claim, asserting that the debt was nondischargeable as provided by 11 U.S.C. § 1328(a)(4). That section excepts from discharge debts "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4).

Lepore sought summary judgment in the adversary proceeding, arguing that the plain language of the statute contemplates only restitution and damages awarded prior to the filing of a bankruptcy petition. He asserted that because restitution or damages had not been "awarded" in Kerner's civil action prior to the filing of the Chapter 13 petition, Kerner's claim was subject to discharge. The bankruptcy court rejected this argument, and by Order dated March 15, 2010, the court denied Lepore's motion for summary judgment. The court found that the exception to discharge found in § 1328(a)(4) was not limited to prepetition awards of restitution or damages but included restitution or damages "awarded" after the filing of a bankruptcy petition and prior to discharge. Finding, however, that § 1328(a)(4) required that restitution or damages be awarded before the debt could be deemed

nondischargeable, the bankruptcy court dismissed the adversary proceeding. Transcript of Decision dated February 25, 2010 at 5-6. This appeal followed.

**II. Legal Discussion**

A. Jurisdiction

Appeals from the bankruptcy court to the District Court are governed by 28 U.S.C. § 158. Pursuant to § 158(a), the District Court may hear appeals from "final judgments, orders, and decrees of the bankruptcy court; or with leave of court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1) and (3). Lepore contends that he may appeal the March 15 Order of the bankruptcy court as a matter of right because it is a final order for the purposes of this Court's review. Alternatively, Lepore has moved for leave to appeal.

Denial of a motion for summary judgment ordinarily is not a final order and would typically not be appealable as of right. *See*, *e.g.*, *In re Smith*, 735 F.2d 459, 461 (11th Cir.1984) (denial of summary judgment by a bankruptcy judge is not a final order). Traditionally, an order is considered final and appealable only if it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Bethel v. McAllister Bros., Inc.,* 81 F.3d 376, 381 (3d Cir. 1996). Thus, in an individual adversary proceeding, an order of the bankruptcy court is not final unless it likewise "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *In re Truong*, 513 F.3d 91 (3d Cir. 2008). Here, as noted above, the bankruptcy court found that a prepetition award of restitution or damages was not a prerequisite to a finding of nondischargeability, and therefore denied the debtor's summary judgment motion on that question. The bankruptcy court further found, however, that § 1328(a)(4) required that damages or restitution be "awarded" prior to discharge, and, consequently, the bankruptcy

3

court dismissed the adversary proceeding.  As such, the court fully adjudicated the issues raised by Kerner's complaint and, therefore, the order appealed from is a final order.

However, even if the Court were to have found the decision of the bankruptcy court was not final, it would grant Lepore's motion for leave to appeal.  Section 158 does not set forth the criteria for granting leave to file interlocutory appeals, but it is well-established that district courts will apply the standard set forth in 28 U.S.C. § 1292(b).  *See, e.g., Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.,* 321 B.R. 147, 156 (D.N.J. 2005); *In re Bertoli*, 58 B.R. 992, 995 (D.N.J. 1986).  This section provides that a district court should grant leave for an interlocutory appeal of an order when the court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation ...."  28 U.S.C. § 1292(b).  The Court finds all three of these factors to be present here.

B.  Standard of Review

A district court reviews a bankruptcy court's legal conclusions *de novo*, while factual determinations may be set aside by the district court only if they are clearly erroneous.  *See* Fed. Rule Bankr. Proc. 8013; *J.P. Fyfe, Inc. of Fla. v. Bradco Supply Corp.*, 891 F.2d 66, 69 (3d Cir.1989).  For the purposes of the summary judgment motion before the bankruptcy court, Lepore stipulated that he committed an intentional tort that resulted in personal injury to Kerner.  Thus, the issue presented on this appeal is purely one of law and statutory construction: whether the exception to discharge under 11 U.S.C. § 1328(a)(4) is applicable where judgment in a civil action for restitution or damages has not been obtain prior to the

filing of the bankruptcy petition. As this Court is reviewing the bankruptcy court's interpretation of § 1328(a), this Court reviews the issue *de novo*.

C.  Analysis

In 2005, as part of the Bankruptcy Abuse Prevention and Consumer Protection Act, P.L. No. 109-8, Section 1328 was amended to expand the type of debts that are nondischargeable in a Chapter 13 bankruptcy proceeding. Subsection (a)(4) was added, and it excepts from discharge debt "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." 11 U.S.C. § 1328(a)(4). At the center of this appeal is the meaning of the term "awarded" as it is used in § 1328(a)(4). Lepore argues that the term is used in the statute in the past tense and, therefore, only damages awarded prior to the filing of a bankruptcy petition are nondischargeable at the completion of payment in a Chapter 13 case. Kerner, on the other hand, argues that the statute does not differentiate between pre and post petition judgments and, further, that the term "awarded" is not used in the past tense but rather is used as a past participle, modifying to the terms "restitution" and "damages." As such, Kerner argues that the plain language of the statute does not require entry of a prepetition civil judgment for the debt to be nondischargeable. Additionally, Kerner argues that the construction of the statute advanced by Lepore would lead to an absurd result, namely, an inequitable race to the courthouse "in which a willful or malicious tortfeasor could eliminate an otherwise nondischargeable debt simply by filing a chapter 13 petition prior to entry of judgment." *In re Waag*, 418 B.R. 373, 381 (BAP 9th Cir. 2009)

A handful of decisions have addressed the precise question presently before this Court. These authorities are decidedly split, but the majority of cases and, in this Court's opinion, the

better reasoned view, hold that § 1328(a)(4) contemplates that the required "award[]" may be entered after the filing of the debtor's bankruptcy petition. Indeed, to the extent that a trend can be discerned from the limited number of available decisions, it appears that more recent cases have rejected debtors' arguments that only an "award[]" entered prepetition is exempt from discharge.

The first decisions to address the question of whether a Chapter 13 debtor may discharge a disputed debt for willful or malicious personal injury when there has been no judgment entered prior to the filing of the bankruptcy petition were *In re Nuttall*, No. 06-14233, 2007 WL 128896 (Bankr. D.N.J. January 11, 2007) (unpublished) and *Parsons v. Byrd (In re Byrd)*, 388 B.R. 875 (Bankr. C.D. Ill. 2007). Both *Nuttall* and *Byrd* held that a prepetition award of restitution or damages for willful or malicious injury was a prerequisite to a finding of nondischargeability under § 1328(a)(4). In so finding, the court in each case construed the statute to be worded in the past tense, in particular, the word "awarded." With no restitution or damages having been "awarded" prior to the filing of the petition in each of those cases, the *Nuttall* and *Byrd* courts found the debt to be subject to discharge.

Subsequent decisions have found to the contrary. *See Woods v. Roberts (In re Roberts)*, 431 B.R. 914 (Bankr. S.D. Ind. 2010); *In re Morrison v. Harrsch (In re Harrsch)*, 432 B.R. 169 (Bankr. E.D. Pa. 2010); *Waag v. Permann (In re Waag)*, 418 B.R. 373 (BAP 9th Cir. 2009); *Buckley v. Taylor (In re Taylor)*, 388 B.R. 115 (Bankr. M.D. Pa. 2008). In *Taylor*, the court found support for the nondischargeability of post petition awards in the plain language of § 1328(a)(4). Expressly rejecting the findings of *Nuttall* and *Byrd* that the term "awarded" functioned as a past tense verb, the *Taylor* court found the phrase "awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that

caused personal injury to an individual or the death of an individual" to be a "past participial phrase that serves as an adjective modifying the nouns 'restitution' and 'damages.'" 388 B.R. at 119. Under this grammatical construction, the form of the verb as used in the phrase is not restricted to past action. *Waag*, 418 B.R. at 379 ("As a past participle, 'awarded' merely signifies 'completion' or an entry of restitution or damages at the time of the determination of nondischargeability.")

The *Taylor* court also noted that a similar construction was found in the prior paragraph of the section, § 1328(a)(3), which provides that restitution and criminal fines "included in a sentence on the debtor's conviction of a crime" also are not dischargeable. The court noted that

> [i]n § 1328(a)(3) and (4), the words "included" and "awarded" do not function as past-tense verbs, but are past participles in phrases that define and limit the types of restitution, fines and damages that are non-dischargeable. Restitution and criminal fines are non-dischargeable under § 1328(a)(3) only if they are part of a debtor's sentence. Likewise, restitution and damages are non-dischargeable under § 1328(a)(4) only if they arise from a willful or malicious injury that causes personal injury or death. By reading "awarded" as part of a participial phrase, the word is not rendered mere surplusage, but part of a phrase that describes what types of "restitution" and "damage" awards are protected from discharge.

*Id.* at 119. In comparing subparagraph (a)(4) to the exception for criminal fines and restitution "included" in a debtor's sentence found in (a)(3), the court noted that

> [a]lthough there are numerous cases construing [§ 1328(a)(3)], I was unable to identify any cases in which restitution or fines in a criminal proceeding were found to be dischargeable because a debtor filed a bankruptcy petition before sentence was imposed. If "awarded" in § 1328(a)(4) requires that a judgment be entered before a petition is filed, the same logic would apply in § 1328(a)(3) when the phrase "included in the debtor's sentence upon conviction of a crime" is considered. If the use of this phrase implies that the sentence must have been imposed before the petition is filed, I find it remarkable that no court has addressed this argument in any reported case in the past 16 years.

7

Ultimately, with respect to the construction of the provision at issue, the *Taylor* court found that "[w]hen § 1328(a)(4) is interpreted within the overall grammatical structure of § 1328(a) it is plain that the statute does not intend to differentiate between a judgment entered before and one entered after a bankruptcy petition is filed." *Id.* at 120.

Additionally, the court in *Taylor* found that the interpretation of § 1328(a)(4) advanced in *Nuttall* and *Byrd* produced an absurd result. *Id.* at 121 ("It is axiomatic that the plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, or results in an outcome that can truly be characterized as absurd, *i.e.*, that is so gross as to shock the general moral or common sense.") (internal citations and quotations omitted). The court noted that

> [t]he *Nuttall* court conceded that the plain meaning of § 1328(a)(4), as it construed the provision, effectively pits a tortfeasor against his victim in a race to the courthouse. This result is directly at odds with one of the purposes of bankruptcy--to provide the same treatment to similarly situated creditors. Further, a debtor could easily defeat a creditor's efforts to obtain a non-dischargeable debt by filing a petition immediately before judgment was entered. Only a dilatory defendant who failed to consult bankruptcy counsel before the judgment was entered would find the debt excepted from discharge. A mere threat to file for bankruptcy could be used as a preemptory strike against a claimant that otherwise would hold a non-dischargeable claim.

*Id.* at 121.

In *Waag*, the Bankruptcy Appellate Panel of the Ninth Circuit agreed with the decision in *Taylor* and similarly rejected the narrow reading of the statute found in the earlier cases. The court agreed with the reasoning in *Taylor* and found that "based on the grammatical structure of section 1328(a)(4), the context in which it is used, and its policy and object … it does not differentiate between a judgment entered prepetition and one entered postpetition." 418 B.R. at 381. Therefore, it found that the statute "does not require, explicitly or implicitly,

8

a prepetition judgment." *Id.* Further, the *Waag* court also agreed with *Taylor* that "[e]ven if the language were not plain and clear," reading the statute to require a prepetition judgment leads to an absurd result because "[t]wo victims, otherwise similarly situated, could end up with dissimilar results, based simply upon the timing of the entry of their respective judgments." *Id.*

Relying upon the reasoning in *Taylor* and *Waag*, the court in *Roberts* also rejected a debtor's argument that his indebtedness was dischargeable solely because the creditor had not yet obtained a civil judgment for alleged personal injuries. 431 B.R. at 919. Likewise, the court in *Harrsch* stated it was "largely" in agreement with the opinions of the courts in *Taylor* and *Waag*, and it similarly ruled that "the required 'award' for restitution and damages for willful or malicious injury may be entered after the commencement of the debtor's bankruptcy case." 432 B.R. at 175. However, departing somewhat from the reasoning of earlier cases, the *Harrsch* court found § 1328(a)(4) to be ambiguous, and "[i]n the absence of a textually clear Congressional directive overriding the fundamental, longstanding bankruptcy policy prohibiting (upon timely creditor objection) the discharge of a debt (whether reduced to judgment prepetition or not) arising from a debtor's intentional and wrongful conduct and the recent importation of that principle into chapter 13," the court declined to interpret the text of § 1328(a)(4) as requiring a prepetition award of restitution or damages. *Id.* 174-75.

This Court finds persuasive the decisions in *Taylor* and *Waag* and subsequent cases, and rejects appellant's assertion that § 1328(a)(4) requires a prepetition award of restitution or damages. Read in the appropriate context, the statute "does not intend to differentiate between a judgment entered before and one entered after a bankruptcy petition is filed." *Taylor*, 388 B.R. at 120. Moreover, the construction urged by Lepore would lead to an absurd

9

result in that similarly situated creditors could be treated differently, and, further, it would allow a debtor to readily defeat a creditor's attempt to obtain a nondischargeable debt by filing a Chapter 13 petition anytime before a final judgment was entered.  Indeed, there simply is no conceivable reason "why Congress would choose to have such a debt's dischargeability depend on whether the debtor or the creditor wins the proverbial race to the courthouse." *Harrsch*, 432 B.R. at 174.  Consequently, the decision of the bankruptcy court, to the extent that it found that the exception to discharge referenced in § 1328(a)(4) is not limited to prepetition awards of restitution or damages, is hereby affirmed.

D.  Request for Stay

By letter submitted to the Court after this appeal was briefed, Kerner requested that, should the Court affirm the decision of the bankruptcy court, the Court enter an order lifting the bankruptcy stay to allow Kerner to proceed with his civil action.  The Court declines the request.  Kerner should make the appropriate application with the bankruptcy court.

**III.  Conclusion**

For the reasons above, the Court affirms the decision of the bankruptcy court insofar as it holds that the exception to discharge referenced in § 1328(a)(4) is not limited to prepetition awards of restitution or damages.  The Court having found that the March 15 Order of the bankruptcy court is a final order, Appellant's motion for leave to appeal is denied as moot.

/s/ JOEL A. PISANO
United States District Judge

Dated:  October 20, 2010